**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)**

| | |
|---|---|
| **TACTUS TECHNOLOGIES, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | C.A. No. ____ |
| v. § | |
| § | JURY TRIAL DEMANDED |
| **HMD GLOBAL OY,** § | |
| § | |
| Defendant. § | |
| § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Tactus Technologies, LLC ("Tactus" or "Plaintiff") files this Original Complaint against Defendant HMD Global Oy ("HMD" or "Defendant") for infringement of U.S. Patent No. 9,696,847 ("the '847 patent" or "the patent-in-suit").

**THE PARTIES**

1. Plaintiff is a Texas limited liability company with its principal place of business located at 312 W 8th Street, Dallas, TX 75208.

2. Upon information and belief, Defendant is a Finish corporation with places of business at Karaportti 2, FIN-02610, Espoo, Finland and Level 4, 4 Kingdom Street, Paddington Central, London W26BD. Upon information and belief, HMD sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial District.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). Defendant is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. HMD, directly and through subsidiaries and intermediaries (including distributors, retailers, franchisees and others), has committed and continues to commit acts of infringement in this District by, among other things, making, using, testing, selling, importing, and/or offering for sale products that infringe the patent-in-suit.

7. On information and belief, Defendant has placed and continues to place infringing smartphones into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District. Defendant has significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action.

## THE PATENT-IN-SUIT

8. The '847 patent is titled "User-Defined Gesture Enablement Protocols for Touch Input Device." The inventions claimed in the patent-in-suit generally relate to a new and novel user interface method for unlocking an electronic device, such as a smartphone, via a pattern.

9. The '847 patent lawfully issued on July 4, 2017, and stems from Application No. 15/056,015.

10. The named inventors on the patent-in-suit are Graham Roy Atkins and Ian Andrew Maxwell.

11. The patent-in-suit claims priority to U.S. Application No. 12/118,047, which was filed on May 9, 2008.

12. The technologies claimed in the patent-in-suit consist of ordered combinations of features and functions that were not, alone or in combinations, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention.

13. Each asserted claim in the patent-in-suit is presumed valid.

14. Each asserted claim in the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

15. The specification of the patent-in-suit discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the patent-in-suit resolve or overcome those shortcomings. *See, e.g.*, '847 patent, 1:30-2:20.

16. The patent-in-suit has over 100 forward citations, which is indicative of the value and importance of the inventions claimed in the patent-in-suit.

## COUNT I
**(Infringement of U.S. Patent No. 9,696,847)**

17. Plaintiff incorporates paragraphs 1 through 16 herein by reference.

18. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

19. Plaintiff is the owner of the '847 patent with all substantial rights to the '847 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

20. The '847 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. §271(a))

21. Defendant has, and continues to, infringe one or more claims of the '847 patent in this judicial district and elsewhere in Texas and the United States.

22. On information and belief, Defendant has, and continues to, either by itself or via an agent, infringe at least claim 13 of the '847 patent by, among other things, practicing the method of claim 13 via at least its testing of the pattern lock feature in its smartphones with Pattern Lock functionality ("the Accused Products").

23. Attached hereto as Exhibit A, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '847 patent.

24. Defendant is liable for these infringements of the '847 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

25. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '847 patent by inducing direct infringement by end users of the Accused Products.

26. Defendant has had knowledge of the '847 patent since at least as December 23, 2019, when Defendant was notified via email of the '847 patent and its infringement of the '847 patent. Specifically, on December 23, 2019, Plaintiff's licensing agent sent Defendant a detailed claim chart, like the one attached hereto as Exhibit A, detailing Defendant's infringement of the '847 patent.

27. On information and belief, despite having knowledge of the '847 patent, Defendant has specifically intended for persons who acquire and use the Accused Products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '847 patent, including at least claim 13, and Defendant knew or should have known that its actions were inducing infringement.

28. Defendant instructs and encourages users to use the Accused Products in a manner that infringes the '847 patent. For example, Defendant's user guides for its phones encourage the use of the Pattern Lock technology, which necessarily includes configuring the Pattern Lock technology. In addition, Defendant's website and other literature includes detailed instructions on how to use the Pattern Lock technology in the Accused Products.

29. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '847 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

30. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II
### (Willful Infringement)

31. Plaintiff incorporates paragraphs 1 through 30 herein by reference.

32. Prior to the filing of this action Defendant was aware of the '847 patent.

33. On December 23, 2019, Plaintiff's licensing agent sent Defendant a detailed claim chart, like the one attached hereto as Exhibit A, detailing Defendant's infringement of the '847 patent.

34. Defendant has been, or should have been, aware of its infringement of the '847 patent since at least its receipt and review of the December 23, 2019 communication.

35. On information and belief, despite being aware of the '847 patent and its infringement of the '847 patent, Defendant has not changed or otherwise altered the Accused Products or its practices in an effort to avoid infringing the '847 patent. Indeed, Defendant has not even responded to the December 23, 2019 communication informing it of its infringements.

36. Rather, despite having notice of the '847 patent, Defendant has, and continues to, infringe the '847 patent, directly and/or indirectly, in complete disregard to Plaintiff's patent rights.

37. Defendant has acted recklessly and/or egregiously, and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '847 patent, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## **JURY DEMAND**

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

    a. Judgment that one or more claims of the '847 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

    b. Judgment that one or more claims of the '847 patent have been willfully infringed, either literally and/or under the doctrine of equivalents, by Defendant;

  c.  Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

  d.  Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

  e.  That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

  f.  Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

  g.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 18, 2020

Respectfully submitted,

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar
Texas Bar No. 24064043
T. William Kennedy Jr.
Texas Bar No. 24055771

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jrastegar@bcpc-law.com
bkennedy@bcpc-law.com

Attorneys for Plaintiff
**TACTUS TECHNOLOGIES, LLC**