# Exhibit A

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

Date: 5/20/20
Time: 11:10
Server: KJ
ID #: 6015

| | | |
|---|---|---|
| TACTUS TECHNOLOGIES, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:20-cv-00040 |
| HMD GLOBAL OY | ) | |
| *Defendant* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* HMD GLOBAL OY
Karaportti 2, FIN-02610, Espoo, Finland
1200 Brickell Avenue  Unit 510 / Suite 510
Miami, FL 33131

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jonathan H. Rastegar
BRAGALONE CONROY PC
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 2/18/20

David A. O'Toole
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No. 2:20-cv-00040

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
   _____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
   _____ , a person of suitable age and discretion who resides there,
   on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
   designated by law to accept service of process on behalf of *(name of organization)*
   _____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                *Server's signature*

                              _____
                                *Printed name and title*

                              _____
                                *Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)

| | | |
|---|---|---|
| TACTUS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. _____ |
| HMD GLOBAL OY, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Tactus Technologies, LLC ("Tactus" or "Plaintiff") files this Original Complaint against Defendant HMD Global Oy ("HMD" or "Defendant") for infringement of U.S. Patent No. 9,696,847 ("the '847 patent" or "the patent-in-suit").

**THE PARTIES**

1. Plaintiff is a Texas limited liability company with its principal place of business located at 312 W 8th Street, Dallas, TX 75208.

2. Upon information and belief, Defendant is a Finish corporation with places of business at Karaportti 2, FIN-02610, Espoo, Finland and Level 4, 4 Kingdom Street, Paddington Central, London W26BD. Upon information and belief, HMD sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in Texas and this judicial District.

**JURISDICTION AND VENUE**

3. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.       Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). Defendant is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

6.       On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. HMD, directly and through subsidiaries and intermediaries (including distributors, retailers, franchisees and others), has committed and continues to commit acts of infringement in this District by, among other things, making, using, testing, selling, importing, and/or offering for sale products that infringe the patent-in-suit.

7.       On information and belief, Defendant has placed and continues to place infringing smartphones into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District. Defendant has significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action.

## THE PATENT-IN-SUIT

8.       The '847 patent is titled "User-Defined Gesture Enablement Protocols for Touch Input Device." The inventions claimed in the patent-in-suit generally relate to a new and novel user interface method for unlocking an electronic device, such as a smartphone, via a pattern.

9. The '847 patent lawfully issued on July 4, 2017, and stems from Application No. 15/056,015.

10. The named inventors on the patent-in-suit are Graham Roy Atkins and Ian Andrew Maxwell.

11. The patent-in-suit claims priority to U.S. Application No. 12/118,047, which was filed on May 9, 2008.

12. The technologies claimed in the patent-in-suit consist of ordered combinations of features and functions that were not, alone or in combinations, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention.

13. Each asserted claim in the patent-in-suit is presumed valid.

14. Each asserted claim in the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

15. The specification of the patent-in-suit discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the patent-in-suit resolve or overcome those shortcomings. *See, e.g.*, '847 patent, 1:30-2:20.

16. The patent-in-suit has over 100 forward citations, which is indicative of the value and importance of the inventions claimed in the patent-in-suit.

## COUNT I
### (Infringement of U.S. Patent No. 9,696,847)

17. Plaintiff incorporates paragraphs 1 through 16 herein by reference.

18. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

19. Plaintiff is the owner of the '847 patent with all substantial rights to the '847 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

20. The '847 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

21. Defendant has, and continues to, infringe one or more claims of the '847 patent in this judicial district and elsewhere in Texas and the United States.

22. On information and belief, Defendant has, and continues to, either by itself or via an agent, infringe at least claim 13 of the '847 patent by, among other things, practicing the method of claim 13 via at least its testing of the pattern lock feature in its smartphones with Pattern Lock functionality ("the Accused Products").

23. Attached hereto as Exhibit A, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '847 patent.

24. Defendant is liable for these infringements of the '847 patent pursuant to 35 U.S.C. § 271.

### INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

25. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '847 patent by inducing direct infringement by end users of the Accused Products.

26. Defendant has had knowledge of the '847 patent since at least as December 23, 2019, when Defendant was notified via email of the '847 patent and its infringement of the '847 patent. Specifically, on December 23, 2019, Plaintiff's licensing agent sent Defendant a detailed claim chart, like the one attached hereto as Exhibit A, detailing Defendant's infringement of the '847 patent.

27. On information and belief, despite having knowledge of the '847 patent, Defendant has specifically intended for persons who acquire and use the Accused Products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '847 patent, including at least claim 13, and Defendant knew or should have known that its actions were inducing infringement.

28. Defendant instructs and encourages users to use the Accused Products in a manner that infringes the '847 patent. For example, Defendant's user guides for its phones encourage the use of the Pattern Lock technology, which necessarily includes configuring the Pattern Lock technology. In addition, Defendant's website and other literature includes detailed instructions on how to use the Pattern Lock technology in the Accused Products.

29. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '847 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

30. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II
### (Willful Infringement)

31. Plaintiff incorporates paragraphs 1 through 30 herein by reference.

32. Prior to the filing of this action Defendant was aware of the '847 patent.

33. On December 23, 2019, Plaintiff's licensing agent sent Defendant a detailed claim chart, like the one attached hereto as Exhibit A, detailing Defendant's infringement of the '847 patent.

34. Defendant has been, or should have been, aware of its infringement of the '847 patent since at least its receipt and review of the December 23, 2019 communication.

35. On information and belief, despite being aware of the '847 patent and its infringement of the '847 patent, Defendant has not changed or otherwise altered the Accused Products or its practices in an effort to avoid infringing the '847 patent. Indeed, Defendant has not even responded to the December 23, 2019 communication informing it of its infringements.

36. Rather, despite having notice of the '847 patent, Defendant has, and continues to, infringe the '847 patent, directly and/or indirectly, in complete disregard to Plaintiff's patent rights.

37. Defendant has acted recklessly and/or egregiously, and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '847 patent, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '847 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that one or more claims of the '847 patent have been willfully infringed, either literally and/or under the doctrine of equivalents, by Defendant;

c.  Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

d.  Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

e.  That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.  Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

g.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 18, 2020

Respectfully submitted,

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar
Texas Bar No. 24064043
T. William Kennedy Jr.
Texas Bar No. 24055771

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jrastegar@bcpc-law.com
bkennedy@bcpc-law.com

Attorneys for Plaintiff
**TACTUS TECHNOLOGIES, LLC**

JS 44 (Rev. 06/17)   Case 2:20-cv-00040-JRG   Document 1-2   Filed 02/18/20   Page 1 of 2 PageID #: 16

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TACTUS TECHNOLOGIES, LLC

## DEFENDANTS
HMD GLOBAL OY

**(b)** County of Residence of First Listed Plaintiff: **Dallas County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan H. Rastegar, BRAGALONE CONROY PC, 2200 Ross Avenue Suite 4500W, Dallas, TX 75201  (214) 785-6670

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☒ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. §§ 271, 281, and 284-285
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 02/18/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jonathan H. Rastegar

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT A

# Application of U.S. Patent No. 9,696,847 to HMD Global's mobile devices

\* This claim chart is meant to be illustrative for purposes of meeting Plaintiff's pleading obligations and should not be construed as binding or limiting

1

| Claim 13 | Case 2:20-cv-00040-JRG Document 1-1 Filed 02/18/20 Page 3 of 8 PageID #: 10<br>Evidence of Infringement |
|---|---|
| 13. A user interface method, comprising: | HMD Global (hereinafter Nokia) makes, uses, imports, sells and/or offers for sale Android smartphones that perform the methods claimed by U.S. Patent No. 9,696,847. For example, Nokia Android smartphones implement the method of claim 13 when configuring or implementing Pattern Lock, for which Nokia provides instruction (at least) in its product user guides.<br><br>**Protect your phone with a screen lock**<br><br>You can set your phone to require authentication when unlocking the screen.<br><br>**Set a screen lock**<br><br>1. Tap Settings > Security & location > Screen lock.<br>2. Choose the type of lock and follow the instructions on your phone.<br><br>1. Tap Settings > Security and Location > Face unlock. If you don't have screen lock set up on your phone, tap Set up screen lock.<br>2. Select what backup unlocking method you want to use for the lock screen and follow the instructions shown on your phone.<br><br>Keep your eyes open and make sure your face is fully visible and not covered by any object, such as a hat or sunglasses.<br><br>⚠ Note: Using your face to unlock your phone is less secure than using a fingerprint, pattern or password. Your phone may be unlocked by someone or something with similar appearance. Face unlock may not work properly in backlight or too dark or bright environment.<br><br>*See, e.g.,* Nokia 6.2 User Manual, available at https://www.nokia.com/phones/en_us/support/api/pdf/nokia-6-2-user-guide; *see also, e.g.,* https://www.nokia.com/phones/en_us/support/nokia-6-2-user-guide/protect-your-phone-with-a-screen-lock?locale=en-USA |

2

| Claim 13 | Evidence of Infringement |
|---|---|
| defining an enablement protocol for a function of an electronic device, said enablement protocol comprising a user-defined gesture for touch input on a touch-sensitive area of a display screen operatively associated with said electronic device by displaying at least two visual indicators on the touch-sensitive area of the display screen indicative of a plurality of different possible gestures and inputting the user-defined gesture which includes a continuous touch which terminates at one of the at least two visual indicators on the touch-sensitive area of the display screen for the enablement protocol; | Nokia smartphones define an enablement protocol for a function of an electronic device when a user sets a pattern for pattern lock.<br><br><br><br>https://www.hardreset.info/devices/nokia/nokia-62-2019/add-fingerprint/ |

3

| Claim 13 | Evidence of Infringement |
|---|---|
| defining an enablement protocol for a function of an electronic device, said enablement protocol comprising a user-defined gesture for touch input on a touch-sensitive area of a display screen operatively associated with said electronic device by displaying at least two visual indicators on the touch-sensitive area of the display screen indicative of a plurality of different possible gestures and inputting the user-defined gesture which includes a continuous touch which terminates at one of the at least two visual indicators on the touch-sensitive area of the display screen for the enablement protocol; | The pattern is a user-defined gesture for touch input on the touch screen of a Nokia smartphone.<br><br><br><br>https://www.hardreset.info/devices/nokia/nokia-62-2019/add-fingerprint/ |

4

| **Claim 13** | **Evidence of Infringement** |
|---|---|
| defining an enablement protocol for a function of an electronic device, said enablement protocol comprising a user-defined gesture for touch input on a touch-sensitive area of a display screen operatively associated with said electronic device by displaying at least two visual indicators on the touch-sensitive area of the display screen indicative of a plurality of different possible gestures and inputting the user-defined gesture which includes a continuous touch which terminates at one of the at least two visual indicators on the touch-sensitive area of the display screen for the enablement protocol; | Nokia smartphones define an enablement protocol by displaying a grid on which a user can draw a pattern (i.e., displaying at least two visual indicators on the touch-sensitive area of the display screen indicative of a plurality of different possible gestures) and interpreting a pattern drawn by the user (i.e., inputting the user-defined gesture which includes a continuous touch which terminates at one of the at least two visual indicators on the touch-sensitive area of the display screen for the enablement protocol).  https://www.hardreset.info/devices/nokia/nokia-62-2019/add-fingerprint/ |

5

| Claim 13 | Evidence of Infringement |
|---|---|
| retaining said enablement protocol of said function; and | Nokia smartphones store the pattern (i.e., said enablement protocol of said function) for future use after a user draws the pattern (e.g., by selecting "NEXT"). <br><br> *To use fingerprint, set pattern* <br> For added security, set a backup screen lock <br><br> Draw an unlock pattern <br><br> https://www.hardreset.info/devices/nokia/nokia-62-2019/add-fingerprint/ |

| Claim 13 | Evidence of Infringement |
|---|---|
| displaying the at least two visual indicators on the touch-sensitive area of the display screen and receiving a gesture for touch input on the touch sensitive area of the display screen that substantially reproduces the user-defined gesture that includes the continuous touch which terminates at the one of the at least two visual indicators corresponding to said retained enablement protocol to enable said function. | Nokia smartphones confirm a pattern by displaying a grid on which a user can draw a pattern (i.e., displaying the at least two visual indicators on the touch-sensitive area of the display screen ) and receiving from the touch screen display a pattern drawn by a user (i.e., receiving a gesture for touch input on the touch sensitive area of the display screen that substantially reproduces the user-defined gesture that includes the continuous touch which terminates at one of the at least two visual indicators corresponding to said retained enablement protocol to enable said function).<br><br>https://www.hardreset.info/devices/nokia/nokia-62-2019/add-fingerprint/ |