# EXHIBIT F

## Jon Rastegar

| | |
|---|---|
| **From:** | Matt Warren <matt@warrenlex.com> |
| **Sent:** | Tuesday, June 16, 2020 12:16 PM |
| **To:** | Jon Rastegar; Jeffrey Bragalone |
| **Cc:** | 20-40; 20-78 |
| **Subject:** | Tactus Technologies LLC v. HMD Global Oy, No. 20-40 (E.D. Texas); Cellular Communications Equipment LLC v. HMD Global Oy, No. 20-78 (E.D. Texas) |

Dear Jon and Jeffrey,

I write to follow up on our phone call this past Friday.  During that call, you explained that your clients were in the process of serving HMD Global Oy through the Hague Convention, and suggested that we should explore how to avoid burdening the Court with our pending motions to dismiss—motions which, you noted, will become moot if your clients complete their service under the Hague Convention.

We agree that we should, if possible, avoid burdening the Court with motions that could become moot.  Toward that end, we suggest an agreement under which your clients would withdraw their proofs of service (Docket No. 5 in the Tactus matter and Docket No. 7 in the CCE matter), and we would withdraw our pending motions to dismiss in both matters as well.  That would return both actions to the status quo before the proofs of service, save the Court from having to resolve the propriety of those proofs, and allow your clients to complete their service under the Hague Convention, thus bringing HMD Global Oy before the Court.

If your clients are amenable to this proposal, we are happy to take the first cut at drafting a stipulation to implement it.  Please let me know your thoughts.  Thank you for your continued time and courtesy in this matter.

Best Regards,
Matt Warren

--
Matt Warren     matt@warrenlex.com    +1 (415) 895-2928