# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TACTUS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:20-CV-00040-JRG-RSP |
| | § § § | |
| v. | § § | JURY TRIAL DEMANDED |
| | § § | |
| HMD GLOBAL OY, | § § | |
| Defendant. | § § § | |

### DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

                in this action or to indemnify or reimburse for payments made to satisfy the judgment;

      (f)      any settlement agreements relevant to the subject matter of this action; and

      (g)      any statement of any party to the litigation.

2.    **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

      (a)      if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

      (b)      for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.    **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

      (a)      provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

            i.      If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

        infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with: 40 interrogatories per side and 40 requests for admissions

per side (excluding requests for admissions to establish the authenticity or genuineness of documents which are not limited so long as requests for admission directed to document authentication are clearly denoted as such and served separately from any requests for admission subject to the numerical limitations previously stated). There is no limit to the number of requests for production of documents and things that each side may serve to highlight, clarify, and assist the other side to timely produce documents that are within the scope of the Additional Disclosures requirement (Section 3, above) of the Court's Discovery Order. Each side may question fact witnesses for a total of 60 hours, including all fact depositions under Rule 30(b)(1) and/or Rule 30(b)(6) as well as all third-party depositions under Rule 45.  Time spent on examination and cross-examination counts equally toward the hours limit.  Fed. R. Civ. P. 30 applies to all witnesses, except that for any deposition requiring translation, 2/3 of the actual hours shall count towards the total of deposition hours set out above and in Rule 30(d).  Other than the overall hours limit on fact depositions, there is no limit on the number of third-party depositions each party may take, but third-party depositions shall be taken with reasonable and good faith notice to all parties.  The parties are allowed as many document subpoenas on third parties as needed, but limited to a reasonable number of document subpoenas for each third party.  Consistent with the Federal Rules, there is no limit on the number of expert witnesses per side.  There is no overall limit on expert depositions, and they do not count toward the fact deposition hours limit; instead, each testifying expert may be deposed for seven hours on each report submitted by that expert.  For the avoidance of doubt, under this provision an expert submitting two reports may be deposed for two days of seven hours each, one day addressing each report. "Side" means plaintiff or defendant.  Any party may later move to modify these limitations for good cause.

    **6.**    **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

    **7.**    **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

    **8.**    **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information

on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and

  confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

 (d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

 (e) Any change to a party's lead attorney designation must be accomplished by motion and order.

 (f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.** The parties agree to the following proposed stipulations: (a)-(e)

 (a) **Privileged Documents and Information Created or Conveyed After the Filing of This Case.** The parties agree that documents or information regarding litigation of this

      case created or conveyed subsequent to the filing of this case that are protected by attorney-client privilege or work product doctrine or any other applicable privilege or immunity, including any applicable common interest or joint defense privileges, do not have to be identified on a privilege log, except as provided under Local Patent Rule 3-7 or otherwise agreed by the parties or ordered by the Court.

(b) **Experts.** The Parties agree that the following materials shall not be subject to discovery in this litigation: (a) draft expert reports; (b) notes, outlines, and any other materials used to prepare any draft expert report; (c) communications and conversations between counsel and testifying or consulting experts, unless such conversations or communications are relied upon as a basis for any opinions provided in an expert report or expert testimony; (d) communications and conversations between one or more parties and testifying or consulting experts, unless such conversations or communications are relied upon as a basis for any opinions provided in an expert report or expert testimony; and (e) information, analyses, opinions, or other materials about this case from any outside consultant or expert, unless such information, analyses, opinions, or other materials about this case are relied upon as a basis for any opinions provided in an expert report or expert testimony. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product privileged but need not be logged on a privilege log. This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Fed. R. Civ. P. 26(b)(4).

(c) **Service.** The parties agree to electronic service of all correspondence, documents filed under seal, written discovery requests, and responses to written discovery requests

(unless the volume of electronic information makes such delivery impractical). Parties may serve all documents by e-mail by sending the documents to up to two email addresses designated for service by a party's outside counsel or, in the absence of such a designation, to the email addresses for all counsel of record in this case. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due. Per Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served.

(d) **Third-Party Discovery.** Before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party to this action. A party that receives documents from a third party in response to a subpoena shall either ensure that the third party produces the documents to all parties to this action simultaneously or, within one business day of receiving documents from the third party, produce those documents without modification to all parties to this action.

(e) **ESI Discovery.** Subject to the limitations below, the parties agree to abide by the Court's Model Order Regarding E-Discovery in Patent Cases (available at http://www.txed.uscourts.gov/sites/default/files/forms/E-Discovery_Patent_Order.pdf) ("ESI Order") and request its entry of record. ESI shall be produced in the form in which it is ordinarily maintained ("native format") and, if possible, in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Files produced only in native format shall have a TIFF

      Image identifying that the file was produced natively and include the file's capture path in the DOCLINK field.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.